IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| DAVON L. SMITH, | ) ) ) ) ) ) ) | No. 2:22-CV-1005 |
| Plaintiff, | ) ) ) | District Judge Arthur J. Schwab |
| vs. | ) ) | Magistrate Judge Lisa P. Lenihan |
| NICHOLAS OHRMAN, *Sgt. CO2, et al.,* | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM ORDER

The Complaint in the above captioned case was filed on July 6, 2022, in the Middle District of Pennsylvania (Scranton) and the case was subsequently transferred to this District where it was referred to United States Magistrate Judge Lisa Pupo Lenihan for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rules of Court 72.C and 72.D.

The Magistrate Judge's Report and Recommendation (ECF No. 49) filed on July 19, 2023, recommended that the Motion to Dismiss the Complaint (ECF No. 41) filed by the Defendants be granted in part and denied in part. Specifically, the Magistrate Judge recommended that Defendants' motion to dismiss be granted as to:

1. Plaintiff's claims for alleged violations of Art. 1, § 13 of the PA Constitution and recommended dismissal with prejudice as to all Defendants;

2.  Plaintiff's claim against Defendants Hawkinberry, House, John, Capazzo, Trempus, and Armel for alleged violations of Pennsylvania state law and recommended dismissal with prejudice as to these Defendants;

3.  Plaintiff's U.S. Constitution and Section 1983 claims against all Defendants in their official capacities and recommended dismissal with prejudice;

4.  Plaintiff's Section 1983 claims against Defendants Capazzo and Armel for lack of personal involvement in the alleged constitutional violations and recommended dismissal without prejudice;

5.  Plaintiff's Eighth Amendment sexual abuse claim against Defendant Ohrman as to the Second Incident and recommended dismissal of this claim with prejudice;

6.  Plaintiff's Eighth Amendment failure to protect claim against Defendants Hawkinberry and John and recommended dismissal of this claim with prejudice;

7.  Plaintiff's Fourteenth Amendment claim and recommended dismissal of this claim with prejudice;

8.  Plaintiff's failure to investigate claim against Defendants Hawkinberry and John and recommended dismissal of this claim with prejudice;

9.  Plaintiff's First Amendment Retaliation claim and recommended dismissal of this claim with prejudice;

10.  Plaintiff's claim for a violation of DC-ADM Policy 008 against Defendants Hawkinberry and John and recommended dismissal of this claim with prejudice;

11.  Plaintiff's request for compensatory damages and recommended denial of such relief.

The Magistrate Judge further recommended that Plaintiff's claim for a violation of DC-ADM Policy 804 against Defendant House be dismissed *sua sponte* with prejudice.

Accordingly, the Magistrate Judge recommended that Defendants House, Hawkinberry, and John be terminated from this case.

The Magistrate Judge recommended that Defendants' motion to dismiss be denied as to:

1.  Plaintiff's claim against Defendant Ohrman for the alleged violation of Pennsylvania state law;

2.  Plaintiff's Section 1983 claims against Defendant Trempus based on lack of personal involvement; and

3.  Plaintiff's Eighth Amendment sexual abuse claim against Defendant Ohrman as to the First Incident.

The Magistrate Judge further recommended that Plaintiff be given leave to file an amended complaint to:

(1) set forth sufficient facts to show personal involvement by Defendants Capazzo and Armel and identifying the specific constitutional laws that he alleges they violated, setting forth sufficient factual allegations to support each element of each claim; and

(2)  identify which constitutional claims he is pursuing against Defendant Trempus and set forth facts to support each element of those claims in an amended complaint including facts to show his personal involvement in the alleged violations.  Failure to comply with paragraphs (1) and (2) above will result in the Court recommending that the Complaint against Defendants Capazzo, Armel, and Trempus be dismissed with prejudice.

In addition, the Magistrate Judge informed Plaintiff that if he chooses to file an amended complaint, it must include any and all claims that were not dismissed with prejudice that he wishes to pursue going forward.  The amended complaint is a stand-alone document which

supersedes any previously filed Complaints, and Plaintiff must include all claims and defendants against whom he wishes to proceed in the amended complaint.

The Magistrate Judge further recommended that Plaintiff be allowed twenty-one (21) days from the date the District Judge enters an Order on the Report and Recommendation (ECF No. 49) to file his amended complaint.

Service was made on Plaintiff via U.S. First Class Mail and on all counsel of record via CM/ECF.  In the Report and Recommendation, the parties were informed that in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, that registered users had fourteen (14) days to file any objections, and unregistered users had seventeen (17) days to file objections. No objections have been filed to the Report and Recommendation to date.

 After review of the pleadings and documents in the case, together with the Report and Recommendation, the following Order is entered:

AND NOW, this 11th day of August, 2023, **IT HEREBY ORDERED** that the Motion to Dismiss the Complaint (ECF No. 41) filed by the Defendants is **GRANTED IN PART** and **DENIED IN PART** as follows:

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss is **GRANTED** as to:

1.  Plaintiff's claims for alleged violations of Art. 1, § 13 of the PA Constitution and these claims are dismissed with prejudice as to all Defendants;

2.  Plaintiff's claim against Defendants Hawkinberry, House, John, Capazzo, Trempus, and Armel for alleged violations of Pennsylvania state law and this claim is dismissed with prejudice as to these Defendants;

3.  Plaintiff's U.S. Constitution and Section 1983 claims against all Defendants in their official capacities and these claims are dismissed with prejudice;

4.  Plaintiff's Section 1983 claims against Defendants Capazzo and Armel for lack of personal involvement in the alleged constitutional violations and these claims are dismissed without prejudice;

5.  Plaintiff's Eighth Amendment sexual abuse claim against Defendant Ohrman as to the Second Incident and this claim is dismissed with prejudice;

6.  Plaintiff's Eighth Amendment failure to protect claim against Defendants Hawkinberry and John and this claim is dismissed with prejudice;

7.  Plaintiff's Fourteenth Amendment claim and this claim is dismissed with prejudice;

8.  Plaintiff's failure to investigate claim against Defendants Hawkinberry and John and this claim is dismissed with prejudice;

9.  Plaintiff's First Amendment Retaliation claim and this claim is dismissed with prejudice;

10.  Plaintiff's claim for a violation of DC-ADM Policy 008 against Defendants Hawkinberry and John and this claim is dismissed with prejudice;

11.  Plaintiff's request for compensatory damages and Plaintiff's request for such relief is denied.

**IT IS FURTHER ORDERED** that Plaintiff's claim for a violation of DC-ADM Policy 804 against Defendant House is dismissed *sua sponte* with prejudice.

**IT IS FURTHER ORDERED** that Defendants House, Hawkinberry, and John are terminated from this case.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss is **DENIED** as to:

1.  Plaintiff's claim against Defendant Ohrman for the alleged violation of Pennsylvania state law;

2.  Plaintiff's Section 1983 claims against Defendant Trempus based on lack of personal involvement; and

3.  Plaintiff's Eighth Amendment sexual abuse claim against Defendant Ohrman as to the First Incident.

**IT IS FURTHER ORDERED** that Plaintiff is given leave to file an amended complaint to:

(1) set forth sufficient facts to show personal involvement by Defendants Capazzo and Armel and identifying the specific constitutional laws that he alleges they violated, setting forth sufficient factual allegations to support each element of each claim; and

(2)  identify which constitutional claims he is pursuing against Defendant Trempus and set forth facts to support each element of those claims in an amended complaint including facts to show his personal involvement in the alleged violations.  Failure to comply with paragraphs (1) and (2) above will result in the Court dismissing the Complaint against Defendants Capazzo, Armel, and Trempus with prejudice.

In addition, Plaintiff is advised that if he chooses to file an amended complaint, it must include any and all claims that were not dismissed with prejudice that he wishes to pursue going forward.  The amended complaint is a stand-alone document which supersedes any previously filed Complaints, and Plaintiff must include all claims and defendants against whom he wishes to proceed in the amended complaint.

**IT IS FURTHER ORDERED** that on or before August 29, 2023, Plaintiff shall either file an amended complaint or inform the Court that he wishes to stand on his original complaint. Defendants shall file their Answer on or before September 12, 2023.

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No.49) of Magistrate Judge Lenihan dated July 19, 2023, is adopted as the opinion of the Court.


**SO ORDERED** this 11th day of August, 2023.


<u>s/Arthur J. Schwab</u>
Arthur J. Schwab
United States District Judge


cc: All Registered ECF Counsel and Parties


Davon L. Smith
MD-0777
SCI Huntingdon
1100 Pike Street
Huntingdon, PA  16652
*Via First Class U.S. Mail*