**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

DAVON L. SMITH,                          )
                                         )
               Plaintiff,                )       Case No.  2:22-cv-01005
                                         )
        vs.                              )
                                         )       District Judge Arthur J. Schwab
                                         )       Magistrate Judge Kezia O. L. Taylor
NICHOLAS OHRMAN, et al.,                 )
                                         )       ECF No. 77
               Defendants,               )
                                         )

**REPORT AND RECOMMENDATION ON DEFENDANTS'**
**MOTION FOR SUMMARY JUDGMENT**

This is a *pro se* prisoner civil rights case, brought pursuant to 28 U.S.C. Section 1983.

Pending before the Court is the Motion for Summary Judgment filed by Corrections Defendants

Nicholas Ohrman ("Ohrman") and Joseph Trempus ("Trempus").  ECF No. 77.  For the reasons

below, it is respectfully recommended that Defendants' Motion for Summary Judgment, ECF

No. 77, be granted in part and denied in part.  The Court recommends that Defendants' Motion

be **DENIED** as to the Eighth Amendment claim against Defendant Ohrman.  The Court

recommends that Defendants' Motion for Summary Judgment be **GRANTED** as to the Eighth

Amendment claim against Defendant Trempus.

**I.  PROCEDURAL AND FACTUAL HISTORY**

Because litigation in this case is already the subject of two published opinions, each setting

forth the procedural and factual background, we will not do so here, but refer interested parties to

these prior dispositions.[1]  We confine the facts here to those relevant to this Court's consideration

---

[1] The following provide a full factual and procedural history of this litigation: *Smith v. Ohrman*,
No. 2:22-CV-01005, 2023 WL 5944115 (W.D. Pa. July 19, 2023) ("July Report and
Recommendation"), report and recommendation adopted, No. 2:22-CV-1005, 2023 WL 5167507

of Plaintiff's two remaining claims: that (1) the physical contact alleged is serious enough to implicate the Eighth Amendment, and (2) Trempus knew of prior incidents of sexual abuse by Ohrman. The record as read in the light most favorable to Plaintiff establishes the background set forth below.

### A. Relevant Procedural History

In his *pro se* Amended Complaint,[2] ECF No. 59, filed on October 3, 2023, Plaintiff, now an inmate of SCI Huntington, alleges that Ohrman sexually assaulted him on September 6, 2021, and that Trempus was aware of Ohrman's predatory behavior and failed to protect him from the assault. ECF No. 59 at 7-12. The counts of the Amended Complaint[3] are, at Count I, a claim pursuant to 42 U.S.C. § 1983 against both Defendants for violation of Plaintiff's Eighth Amendment right against cruel and unusual punishment, and at Count III, a failure to protect claim pursuant to 42 U.S.C. § 1983 and liberally construed, a state law negligence claim against Trempus. This state-law claim has already been dismissed with prejudice. ECF No. 53 at 4. Discovery being closed, Defendants filed their Motion for Summary Judgment, Brief in Support, and Statement of Material Facts with Appendix in May 2024. ECF Nos. 77-80. Defendants argue that they are entitled to judgment in their favor because Plaintiff has failed to demonstrate that (1)

---

(W.D. Pa. Aug. 11, 2023); and *Smith v. Ohrman*, No. 2:22-CV-1005, 2023 WL 9231307 (W.D. Pa. Dec. 11, 2023), report and recommendation adopted, No. 2:22-CV-1005, 2024 WL 149848 (W.D. Pa. Jan. 12, 2024).

[2] As Plaintiff's Amended Complaint was verified (ECF No. 59 at 8) it may be treated as an affidavit for purposes of summary judgment. *McLaughlin v. Zavada*, No. CV 19-422, 2021 WL 2529793, at *5 (W.D. Pa. June 21, 2021), *see Porter v. Pennsylvania Dep't of Corr.*, 974 F.3d 431, 443 (3d Cir. 2020).

[3] Count II was dismissed with prejudice. *Smith v. Ohrman*, 2023 WL 9231307 at *2.

Ohrman's conduct rose to the level that violates the Eighth Amendment, (2) Trempus knew of no prior incidents of sexual abuse by Ohrman, and (3) Trempus was not acting outside the scope of his employment with the Commonwealth of Pennsylvania, under which Trempus enjoys sovereign immunity from suit.   As to this last argument, we find peculiar that Defendants would devote two pages of discussion in their brief to the state law negligence claim that was dismissed with prejudice.  *Smith v. Ohrman*, No. 2:22-CV-1005, 2023 WL 5167507, at *2 (W.D. Pa. Aug. 11, 2023) ("Defendants' Motion to Dismiss is **GRANTED** as to:  . . .  Plaintiff's claim against Defendant[] Trempus for alleged violations of Pennsylvania state law and this claim is dismissed with prejudice. . . . ").   As explained in the July Report and Recommendation adopted as the opinion of the District Court,

> As to . . .  Trempus, Plaintiff alleges that [he] knew or should have been aware of the extensive sexual assault behavior/history of . . . Ohrman prior to Plaintiff being housed on L Block and yet allowed . . . Ohrman to continue to work on L Block and cause potential harm and/or danger to Plaintiff. . . .

*Smith* 2023 WL 5944115, at *3, report and recommendation adopted, No. 2:22-CV-1005, 2023 WL 5167507 (W.D. Pa. Aug. 11, 2023).   Plaintiff in his Amended Complaint repeats this claim, with only two additions -- the word "negligence" added in a heading and added in a paragraph. This does not suffice to revive a dismissed claim.

Plaintiff filed his Brief in Opposition, his Response to Defendants' Statement of Material Facts, with Plaintiff's Statement of Additional Facts at Issue, with Exhibits.   ECF Nos. 94, 95. Defendants' Motion is ripe for review.

### B.  Relevant Factual History

The facts below are taken from Defendants' Concise Statement of Material Facts, ECF No. 79, Plaintiff's Response, ECF No. 85, along with other record evidence, and are undisputed unless

otherwise indicated.  On September 5, 2021,[4] while housed at SCI Fayette, Plaintiff was escorted by non-defendant corrections officers to the property room.  ECF No. 79 ¶¶ 1, 2.[5]  Ohrman was working the property room and had received recently shipped property for Plaintiff.  *Id.* ¶ 3.  Plaintiff was to inventory property received from his previous institution and sign an inventory sheet. *Id.* ¶ 4.  Defendants claim that after inventorying his property, Plaintiff returned to his cell. *Id.* ¶ 3.  Plaintiff disputes this in his Response to Defendants' Concise Statement of Material Facts, ECF No. 85 ¶¶ 3, 4, restating facts from his Amended Complaint, ECF No. 59.  Plaintiff asserts that after signing the inventory sheet, when Plaintiff stepped forward to inspect his property, Ohrman was standing to Plaintiff's left side with his back to the table.  ECF No. 59 ¶ 8.  As he was stepping to get behind Plaintiff, Ohrman's left hand gently rubbed Plaintiff's left thigh while grabbing the back of Plaintiff's restraint belt to which his hands were handcuffed.  *Id.*  Once behind Plaintiff, Ohrman allegedly rubbed his erect penis on Plaintiff's back and between his buttocks "in a humping manner."  *Id.*  Plaintiff tried to spin around while telling Ohrman to get off him.  *Id.* ¶ 9.  Ohrman told Plaintiff he was trying to see what he was touching.  *Id.*  Plaintiff responded that he was not touching anything.  *Id.*  The other guards present began to laugh.  *Id.*  At that time, Plaintiff was handcuffed by the waist so it would have been impossible for him to touch anything on the table from where he stood.  *Id.*

The parties agree that Trempus, Deputy Superintendent of Facilities Management, oversaw the security office investigating allegations of sexual abuse at SCI Fayette.  ECF No. 79 ¶ 11.

---

[4] There is some confusion about whether the property room incident occurred on September 5 or 6; the precise date is immaterial to our analysis.

[5] Defendants' Statement of Material Facts, ECF No. 79, provides facts at paragraphs 1 – 10 and on page two, begins again with paragraph 1 at what ought to be paragraph 11.  Paragraph numbers cited here refer exclusively to paragraphs 1 – 12, beginning on page two.

Defendants assert that before the property room incident and subsequent grievance, Trempus was unaware of any substantiated allegations of sexual abuse against Ohrman, *id.* ¶ 12, while Plaintiff states that Trempus was fully aware of five sexual abuse allegations within a twelve-month period implicating Ohrman.  ECF No. 85 ¶ 12.  Plaintiff also claims that Trempus' position at the facility involved reviewing all sexual abuse allegations, *id.*, and that Trempus, knowing Ohrman's history, should have excluded him from direct contact with inmates.  ECF No. 59 ¶¶ 11-13.

## II. Standard of Review

Summary judgment may be granted if, drawing all inferences for the non-moving party, "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Melrose, Inc. v. Pittsburgh*, 613 F.3d 380, 387 (3d Cir. 2010).  A fact is "material" if proof of its existence or non-existence might affect the outcome of the suit under applicable law.  *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248, (1986); *see also Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011).  Disputes must be both (1) material, meaning concerning facts that will affect the outcome of the issue under substantive law, and (2) genuine, meaning there is sufficient evidence supporting the claimed factual dispute "to require a jury or judge to resolve the parties' differing versions of the truth at trial.  *In re Lemington Home for Aged*, 659 F.3d 282, 290 (3d Cir. 2011); *see also S.H. ex rel. Durrell v. Lower Merion Sch. Dist.*, 729 F.3d 248 (3d Cir. 2013).

A party moving for summary judgment has the initial burden of supporting its assertion that fact(s) cannot be genuinely disputed by citing to particular parts of materials in the record, *i.e.,* depositions, documents, affidavits, stipulations, or other materials, or by showing that, (1) the materials cited by the non-moving party do not establish the presence of a genuine dispute, or (2) that the non-moving party cannot produce admissible evidence to support its fact(s).  Fed.

R. Civ. P. 56(c)(1).  The moving party may discharge its burden by "pointing out to the district court" the "absence of evidence to support the nonmoving party's case" when the nonmoving party bears the ultimate burden of proof for this claim.  *Conoshenti v. Pub. Serv. Elec. & Gas Co*, 364 F.3d 135, 140 (3d Cir. 2004) (quoting *Singletary v. Pennsylvania Dept. of Corr.*, 266 F.3d 186, 192 n. 2 (3d Cir. 2001)).

Conversely, in  order to defeat a motion for summary judgment, the non-moving party must support its assertion that fact(s) are genuinely disputed by citing to particular parts of materials in the record, or by showing that: (1) the materials cited by the moving party do not establish the absence of a genuine dispute, or (2) the moving party cannot produce admissible evidence to support its fact(s).  Fed .R. Civ. P. 56(c)(1).  When determining whether there are any genuine issues of material fact, all inferences should be drawn for the non-moving party.  *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006).  Although courts must hold *pro se* pleadings to less stringent standards than pleadings drafted by lawyers, at the summary judgment stage, a *pro se* plaintiff is not exempt from his burden of providing some affirmative evidence, not just mere allegations to show that there is a genuine dispute for trial.  *See*, *e.g.*, *Barnett v. NJ Transit Corp.*, 573 F. App'x 239, 243 (3d Cir. 2014) (holding that the *pro se* plaintiff was still "required to designate specific facts by use of affidavits, depositions, admissions, or answers to interrogatories . . . sufficient to convince a reasonable fact finder to find all the elements of her prima facie case") (citation and quotation omitted); *Siluk v. Beard*, 395 F. App'x 817, 820 (3d Cir. 2010) ("[T]he right of self-representation does not exempt a party from compliance with relevant rules of procedural law."); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (*pro se* plaintiffs "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants.").  Thus, the "mere existence of a scintilla of evidence" in support of the nonmoving party's position is insufficient to defeat a

motion for summary judgment. *Anderson*, 477 U.S. at 252.

## III. ANALYSIS

Under 42 U.S.C. § 1983, private citizens are afforded a means to redress violations of federal law committed by state actors. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. ...

*Id*. Section 1983 is not a source of substantive rights, but merely a method for vindicating violations of federal law. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284–85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir.1996). To establish a Section 1983 claim, a plaintiff must show a deprivation of a "right secured by the Constitution and the laws of the United States ... by a person acting under color of state law." *Id*. (*quoting Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir.1995)). There is no dispute that individual Defendants were acting under color of state law at all times relevant to this litigation.

### A. Ohrman, Eighth Amendment Sexual Assault

Sexual abuse of prisoners by prison officials can violate the Eighth Amendment. *Ricks v. Shover*, 891 F.3d 468, 473 (3d Cir. 2018). In so holding, the Third Circuit noted that the "sexual abuse of prisoners, once overlooked as a distasteful blight on the prison system, offends our most basic principles of just punishment" and "invades the most basic of dignity interests: to be treated as a human being" and is "not part of the penalty that criminal offenders pay for the offenses against society." *Id.* at 473 and 474 (quoting *Boddie v. Schneider*, 105 F.3d 857, 861 (2d Cir. 1997)).

The framework for analyzing whether a claim alleging that a prisoner has been sexually abused by a corrections officer rises to the level of an Eighth Amendment violation consists of a two-part analysis consisting of objective and subjective components.  The objective element is satisfied only if the pertinent incident is "objectively, sufficiently intolerable and cruel, capable of causing harm...." *Id.* at 475.  When evaluating the objective element, the Supreme Court has warned that "not ... every malevolent touch by a prison guard gives rise to a federal action." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).  "Rather, in contrast to common tort law, the Eighth Amendment shields inmates from only those actions 'repugnant to the conscience of mankind'." *Ricks*, 891 F.3d at 475-76 (quoting *Hudson*, 503 U.S. at 10).  "The objective element 'is therefore contextual and responsive to 'contemporary standards of decency'." *Ricks*, 891 F.3d at 476 (citations omitted).  "And 'conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional'." *Id.* (citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).  The subjective element inquires "whether the official had a legitimate penological purpose or if he or she acted 'maliciously and sadistically for the very purpose of causing harm'." *Id.* (quoting *Whitley v. Albers*, 475 U.S. 312, 319-20 (1986) ).

In *Ricks*, the Third Circuit clarified that "a single incident, if sufficiently serious or severe, can run afoul of the Eighth Amendment as surely as can multiple, less egregious incidents." *Id.* at 477.  In that connection, the Third Circuit declined to adopt a bright-line rule as to when sexual contact will violate the Eighth Amendment and instead instructed that the district court should conduct a "contextual, fact-specific" inquiry, which considers "[t]he scope, place, and timing of the offensive conduct." *Id.* at 478, and provided the following guidance:

> The scope, place, and timing of the offensive conduct will bear on its severity, as will the details of the alleged contact.  But it goes without saying that objectively serious sexual contact would include sexualized fondling, coerced sexual activity, combinations of

> ongoing harassment and abuse, and exchanges of sexual activity for special treatment or to avoid discipline.  In context, including whether it violates established prison procedures, other sexualized touching may also be objectively serious.

*Id.*  We made this very "contextual, fact-specific" inquiry in our Report and Recommendation upon Defendants' Motion to Dismiss and will refer to that liberally.  *Smith v. Ohrman*, 2023 WL 5944115 at *12.

      There is no dispute that Plaintiff's Eighth Amendment claim is based on a single incident of sexual contact rather than a pattern, s*ee Ricks*, 891 F.3d at 474, and Plaintiff must show that his contact with Ohrman in the property room was so "severe or serious" as to be "repugnant to the conscience of mankind." *Ricks*, 891 F.3d at 475 (quoting *Hudson*, 503 U.S. at 10).  Plaintiff alleges that Ohrman sexually assaulted him in the property room.  Defendants deny this.  The Prison Rape Elimination Act ("PREA") investigator included in his report that "Ohrman stated that neither he nor any [o]fficer in his vicinity made any inappropriate sexual contact or sexual statements towards [Plaintiff] Smith."  ECF 70-1 at 4.  Absent from the record is a first-person statement from Ohrman regarding the events.[6]  In their Concise Statement of Material Facts Not in Dispute, Defendants not only fail to give Ohrman's version of the events, but omit entirely the events that happened within the property room, reciting as follows: (1) Plaintiff was escorted to the property room, (2) Ohrman was working the property room, (3) Plaintiff was to inventory property, and (4) after inventorying property, Plaintiff returned to his cell.  ECF No. 79, ¶¶  2 – 5.  Plaintiff responded to Defendant's Concise Statement of Material Facts Not in Dispute paragraph by paragraph adding the sexual assault and describing it.  ECF No. 85 ¶ 5, *see also* Plaintiff's Declaration 85-1.

---

[6] Regrettably, though Ohrman made a statement to the PREA investigator neither that nor any other statement from Ohrman is included in the Exhibits.  *See* "Attachments," ECF 70-1 at 5.  Defendants did include a declaration from Trempus.  ECF No. 80-4.

Whether Ohrman sexually assaulted Plaintiff in the property room is the essential event, thus a material fact. The parties' factual dispute is "genuine" as it represents the quintessential dispute that would "require a jury or judge to resolve the parties' differing versions of the truth at trial." *See In re Lemington Home for Aged*, 659 F.3d at 290. While, however, denying that any sexual assault occurred, Defendants also argue that Plaintiff's allegations of sexual abuse, if true, would still be insufficient to establish an Eighth Amendment constitutional violation. In support, they assert that (1) Ohrman's alleged actions — rubbing his erect penis on Plaintiff's back and between Plaintiff's buttocks "in a humping manner" – fall below the necessary severity threshold, (2) Ohrman had a legitimate penological purpose, keeping Plaintiff "under control" in the property room, and (3) Plaintiff provided no evidence that Ohrman "acted maliciously and sadistically as the only complained of conduct touch [sic] as a result of a tug on a restraint belt." ECF No. 78 at 5.

We have already addressed this argument — that the property room incident fails to meet the sufficiently serious prong of an Eighth Amendment violation – at length, and rejected it, upon Defendants' motion to dismiss. *Smith v. Ohrman*, 2023 WL 5944115, at *12 - *13. ("Defendants submit that the [property room] [i]ncident[7] fails to meet the sufficiently serious prong of an Eighth Amendment sexual abuse claim. The Court disagrees."). Thus, we will not restate in total what we discussed there, but will summarize, remaining aware of the standards upon summary judgment.

We noted in the July Report and Recommendation that although *Ricks* also involved allegations that an officer rubbed his erect penis, under clothing, against the inmate's clothed

---

[7] The "property room incident" is termed in the July Report and Recommendation the "First Incident."

buttocks, contextual considerations made *Ricks* distinguishable.  We learn from *Ricks* that "[t]he

scope, place, and timing of the offensive conduct will bear on its severity, as will the details of the

alleged contact." *Ricks* at 478.  Ricks involved an inmate in a public area; here, the inmate was in

a private area, notably not under camera surveillance.  *Ricks* involved an inmate who was able to

step away; here, the inmate was restricted in his movement — shackled and handcuffed.  *Ricks*

involved touching incident to a pat-down search; here, there was no search but rather an inmate

"preparing to conduct an inventory of his property"

> with his hands cuffed to a restraint belt at his waist when . . .
> Ohrman stepped behind Plaintiff and grabbed the back of his
> restraint belt and began rubbing his erect penis on Plaintiff's back
> and in between his buttocks in a humping manner.  Plaintiff told
> Ohrman to get off him and attempted to spin around but his
> movement was limited due to his position between the table and
> Ohrman and the restraint belt.  Ohrman told Plaintiff his was trying
> to see what Plaintiff was touching, however, Plaintiff contends that
> he was unable to touch anything due to being handcuffed at the
> waist.

*Id.* at *13.  We found on the motion to dismiss that

> Ohrman's explanation was merely pretext for the improper touching
> as it does not provide a legitimate penological justification, i.e., that
> there was a need for Ohrman to make physical contact with Plaintiff.
> Rather, giving Plaintiff the benefit of all reasonable inferences, the
> facts suggest that Ohrman intentionally rubbed his erect penis
> against Plaintiff's buttocks to gratify his own sexual desire.

*Id.*  *See also Ricks* at 254, quoting *Crawford v. Cuomo*, 796 F.3d 252, 254 (2d Cir. 2015)

("corrections officer's intentional contact with inmate's genitalia. . . , which serves no penological

purpose and is undertaken with intent to gratify officer's sexual desire or to humiliate inmate,

violates Eighth Amendment.")  Defendants now make another explanation for the tugging, the

need to secure the inmate, to keep Plaintiff "under control" in the property room.  Plaintiff in his

brief argues that under the circumstances — the extent to which Plaintiff was restrained, the

confined space, Ohrman's penis rubbing and hip thrusting — neither does this provide a legitimate penological justification. ECF No. 86 at 3. We agree. Further, as we noted in the July Report and Recommendation, the other guards' laughter suggests that Ohrman sought to humiliate Plaintiff. Absent a legitimate penological purpose, humiliation could be an independent Eighth Amendment violation. We find that the subjective component of the test is satisfied. We found too, in the July Report and Recommendation, that the objective, seriousness, component has been satisfied as violating established prison procedures and constituting "sexual abuse" under the zero-tolerance policy of the Department of Corrections ("DOC"). The DOC's PREA policy

> defines sexual abuse of an inmate by a staff member to include "[a]ny other intentional contact, either through the clothing, of or with the genitalia, anus, groin, breast, inner thigh, or the buttocks, that is unrelated to official duties or where the staff member ... has the intent to abuse, arouse, or gratify sexual desire[.]"

*Smith v. Ohrman*, 2023 WL 5944115, at *13.

In considering this Summary Judgment Motion, we find at least two questions that are genuine and material: (1) whether Plaintiff's allegation of sexual abuse against Ohrman is true, and if so, (2) whether Ohrman sought to gratify his own sexual desire, whether Ohrman sought to humiliate Plaintiff, or was instead in the pursuit of a legitimate penological end. It is therefore recommended that summary judgment be denied as to this claim against Ohrman.

### B. Trempus, Eighth Amendment Failure to Protect

Under the Eighth Amendment, prison officials "must take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal quotation and citation omitted). Accordingly, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Id.* at 833. "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials

responsible for the victim's safety." *Id.* at 834.

To establish an Eighth Amendment failure to protect claim, a plaintiff must show that: (1) he is "incarcerated under conditions posing a substantial risk of serious harm" and (2) prison officials acted with "deliberate indifference to [his] health or safety." *Id.* at 834. Deliberate indifference is proven by showing that a prison official "knows of and disregards an excessive risk to inmate health or safety." *Id.* at 837. The second element, unlike the first, is a subjective standard: "'the official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware.'" *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 373 (3d Cir. 2019) (quoting *Woloszyn v. Cnty. of Lawrence*, 396 F.3d 314, 321 (3d Cir. 2005)). That is "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Importantly, "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted. A prison official's duty under the Eighth Amendment is to ensure 'reasonable safety'[.]" *Id.* at 844 (citations omitted) (emphasis added). "[P]rison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishments Clause." *Id.* at 845.

Plaintiff alleges that Trempus was aware of past complaints of Ohrman's "predatorial sexual nature" through his experience dealing with prior complaints about Ohrman and other inmates. ECF No. 59 ¶ 11. Plaintiff further alleges that Trempus was part of the facility sexual abuse incident committee and was aware allowing Defendant Ohrman to continue to work on L Block could cause potential harm or danger to him and other similarly situated inmates housed on the L Block. *Id*. ¶ 12. And Plaintiff alleges that as deputy superintendent of facility management, Defendant Trempus maintains all security at SCI Fayette and given Defendant Ohrman's history

of sexual abuse, he should not have been able to work on L Block or have any direct or unsupervised contacts with inmates." *Id.* ¶ 13. These allegations can establish Trempus's personal involvement. *Smith v. Ohrman*, 2023 WL 5944115. Defendants argue that Trempus "had no knowledge of [] Ohrman engaging in inappropriate sexual conduct," ECF No. 78 at 6. Trempus states in his Declaration that he was "unaware of *any substantiated allegations* of sexual abuse against Sergeant Ohrman." ECF No. 80-4 at 2-3, (emphasis supplied). He states that he supervised the investigation of allegations of abuse including sexual abuse and PREA complaints and received the results. *Id.* He adds, editorially that "inmates file allegations of sexual abuse as a way to abuse PREA and use its provisions to their advantage in prison," and that "most PREA investigations I received were determined to be unfounded or unsubstantiated." *Id.* Whatever the reality regarding claims against Ohrman, Trempus says in essence that to him, because the claims against Ohrman were not substantiated, Trempus did not know of a risk.

Plaintiff bears the burden of showing that Trempus acted with deliberate indifference to his health or safety, that Trempus was actually aware of excessive risk and disregarded it. To meet this burden, Plaintiff stresses repeatedly that there had been five sexual abuse allegations against Ohrman within a twelve-month span, and that Trempus "repeatedly ignored all (5) allegations when any reasonable person in his position would have seen and understood the risk that the defendant Ohrman posed to . . . inmates." ECF No. 86 *at* 6. Even if true, this allegation fails to meet the subjective standard that Trempus *actually was* aware of excessive risk. *See Mammana, at* 373. *(*emphasis supplied*)*. Plaintiff does not show that Trempus consciously ignored excessive risk to Plaintiff's health or safety. Plaintiff has thus failed to show that there is any genuine issue of material fact related to his claim against Trempus and it is recommended that summary judgment be granted as to this claim against Trempus.

## III.  Conclusion

For the reasons set forth above, it is respectfully recommended that Defendants' Motion for Summary Judgment, ECF No. 77, be granted in part and denied in part.  The Court recommends that Defendants Motion be **DENIED** as to the Eighth Amendment claim against Defendant Ohrman.  The Court recommends that Defendants' Motion for Summary Judgment be **GRANTED** as to the Eighth Amendment claim against Defendant Trempus.

In accordance with the Federal Magistrate Judge's Act, 28 U.S.C. §636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of this Report and Recommendation to file written objections thereto.  Any party opposing such objections shall have fourteen (14) days from the date of service of objections to respond thereto.  Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: November 13, 2024

BY THE COURT:


/s/ Kezia O. L. Taylor
KEZIA O. L. TAYLOR
United States Magistrate Judge




cc:    Davon L. Smith
       MD-0777
       SCI Huntingdon
       1100 Pike Street
       Huntingdon, PA  16652

       Counsel for Defendants
       (Via CM/ECF electronic mail)